UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVRIELI BRANDS, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>FUZHOU PUDUODUO NETWORK TECHNOLOGY CO., LTD. d/b/a CZZPTC, XIAMEN HUASHIYI TECHNOLOGY CO., LTD. d/b/a CZZPTC, and XIELONG FOOTWEAR CO., LTD. d/b/a CZZPTC, Chinese companies,<br><br>Defendants. | Case No. 2:22-CV-05924-MCS-AFM<br><br>**STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

# CONSENT JUDGMENT

The parties having considered the facts and applicable law and having agreed to the entry of this Stipulated Consent Judgment and Permanent Injunction ("Consent Judgment"), and the parties having stipulated that there is no just reason for delaying entry of final judgment in this action between Plaintiff Gavrieli Brands, LLC ("Plaintiff" or "Gavrieli") and Defendants Fuzhou Puduoduo Network Technology Co., Ltd., Xiamen Huashiyi Technology Co., Ltd., and Xielong Footwear Co., Ltd. (collectively, "Defendants"), subject to approval by the Court.

# FINDINGS OF FACT

1. Gavrieli is a California limited liability company with its principal place of business at 5731 Buckingham Parkway, Culver City, California 90230.

2. Gavrieli manufactures and sells the "Tieks® by Gavrieli" line of footwear ("Tieks®"), well-known and instantly recognizable by the "Peekaboo" outsole design, which is protected by Gavrieli's Trade Dress consisting of a blue outsole on footwear (the "Asserted Trade Dress"), and U.S. Patent Nos. D844,950 and D681,928 (the "Asserted Patents").

3. Gavrieli owns all right, title, and interest in the Asserted Patents and the Asserted Trade Dress.

4. Defendants are companies based in the People's Republic of China, and act individually, collectively, and in concert with one another under the same business name of "CZZPTC" to commit the infringing and unlawful activity described in this complaint. CZZPTC maintains a principal place of business at (1) Unit 09, 25th Floor, Shenglong Global Center, 23 Changting Street, Ninghua Street, Taijiang District, Fuzhou City, Fujian Province, China; (2) Unit 2979, Strait Pearl Plaza, Guanyinshan International Business Operation Center, Siming District, Xiamen City; and (3) No. 103 Ziran Village, Zhu Alley, Qibu Village, Gongchen Street, Licheng District, Shenzhen, China 518000.

5.     Defendants have sold within and offered to sell within the United States, including in the State of California, certain ballet flats incorporating a blue colored outsole design (the "Enjoined Products").  A listing of the Enjoined Products is attached hereto as "Attachment A" and is incorporated herein by reference.  Defendants offered for sale and sold the Enjoined Products through various e-commerce platforms, including a Shopify store on the CZZPTC website,[1] Amazon stores registered to various brands, such as "CZZPTC" and "Xielong,"[2] and unregistered Amazon stores such as "leimiaodianzi."[3]

6.     Defendants were served with process and/or received fair and sufficient notice of these proceedings, have all knowingly and willingly agreed to appear in these proceedings and be subject to this Court's jurisdiction, and have all knowingly and voluntarily agreed to enter into this Consent Judgment.  A true and correct copy of the Hague Certificate of Service issued by China is attached hereto as "Attachment C" and is incorporated herein by reference.

## CONCLUSIONS OF LAW

12.    This is an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, trade dress infringement arising under the Federal Trademark Act of 1946, known as the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and unfair trade practices arising under the laws of the state of California, Cal. Bus. Prof. Code § 17200 *et seq*.

13.    This Court has jurisdiction over Defendants and the subject matter of this action under 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, 2202, the patent laws of the United States, including 35 U.S.C. § 271 *et. seq.*, and the Lanham Act, 15 U.S.C. § 1114 *et seq*.  The parties submit to the jurisdiction of the Court for the purpose of enforcement of this Consent Judgment.  Venue is proper in this Court pursuant to 28

---

[1] https://www.czzptc.com
[2] https://www.amazon.com/stores/CZZPTC/page/8CC15C50-F99F-4241-8341-719FAD9028BA?ref_=ast_bln
[3] https://www.amazon.com/s?me=A247DGXRIMTSW&marketplaceID=ATVPDKIKX0DER

U.S.C. §§ 1391(b) and 1400(b).

14. Plaintiff is the owner of all right, title, and interest in and to the Asserted Patents.

15. All claims of the Asserted Patents are valid and enforceable.

16. Defendants have infringed the Asserted Patents by importing, selling, and/or offering for sale in the United States the Enjoined Products that are the subject of the Complaint and embody the claims of the Asserted Patents.

17. Defendants acknowledge and agree that the claimed designs of the Asserted Patents are valid, enforceable, and infringed by the Enjoined Products.

18. Defendants have infringed the Asserted Trade Dress by importing, selling, and/or offering for sale in the United States the Enjoined Products that are the subject of the Complaint and incorporate a blue outsole on footwear.

19. Defendants acknowledge and agree that Gavrieli's Trade Dress is valid, famous, and distinctive, and Defendants' use of a blue outsole in the Enjoined Products creates a high risk of likelihood of confusion with the Asserted Trade Dress.

20. Effective as of the date this Consent Judgment is entered by the Court, Defendants and their subsidiaries, affiliates, officers, directors, agents, servants, employees, successors, and assigns, and all other persons and organizations in active concert or participation with any of the foregoing, are hereby permanently enjoined and restrained from engaging in any of the following activities:

    a. making, using, selling, or offering for sale in the United States, or importing into the United States, during the remaining term of the Asserted Patents, (i) the Enjoined Products, or (ii) any future product that is not more than colorably different from the Enjoined Products that falls within the scope of the Asserted Patents;

    b. making, using, selling, or offering for sale in the United States, or importing into the United States, (i) ballet flats having a blue

        outsole, or (ii) any footwear otherwise falling within the scope of the Asserted Trade Dress;

    c. otherwise directly infringing, contributorily infringing, or inducing infringement of the Asserted Patents and the Asserted Trade Dress with respect to (i) the Enjoined Products, or (ii) any future product that is not more than colorably different from the Enjoined Products that falls within the scope of the Asserted Patents or Asserted Trade Dress; and

    d. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a)-(c) above.

21. Defendants shall immediately take down and permanently remove from public view any and all images of the Enjoined Products or any other flat with a blue outsole, including, but not limited to, the CZZPTC website (www.czzptc.com), Defendants' Amazon Stores, and Defendants' Facebook, Instagram, and any other social media accounts owned by Defendants.

22. Within 30 days from the date this Consent Judgment is entered by the Court, Defendants shall surrender the remaining inventory of Enjoined Products, if any, to Gavrieli and bear the expenses for delivery of that inventory to 5731 Buckingham Parkway, Culver City, California 90230.

23. Gavrieli waives its claims for damages against Defendants arising from Defendants' infringing acts related to the Enjoined Products committed prior to the date of entry of this Consent Judgment. Gavrieli further waives its claim for damages, an injunction, or any other relief relating to any of Defendants' current products others than the Enjoined Products.

24. Gavrieli and Defendants shall each bear their own costs, expenses, and attorney fees.

25. This Consent Judgment constitutes a final judgment concerning the

subject matter of this action.

26. Gavrieli and Defendants waive any right to appeal from this Consent Judgment.

27. Upon entry of this Consent Judgment, this action is dismissed, with prejudice; provided, however, that this Court shall retain jurisdiction to enforce the terms and provisions of this Consent Judgment.

28. This Consent Judgment shall be entered hereto, forthwith, without further notice.

The Clerk is directed to enter this Consent Judgment forthwith.

**IT IS SO ORDERED.**

DATED: September 26, 2023

_____
Mark C. Scarsi
United States District Judge

